IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVE OUR SALTSBURG SCHOOLS, | ) ) ) | Civil Action No.  2:21-cv-601 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BLAIRSVILLE-SALTSBURG SCHOOL DISTRICT, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SAVE OUR SALTSBURG SCHOOLS, by and through its attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendant for violating Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Save Our Saltsburg Schools ("SOSS"), is a community group representing students and parents of students enrolled in Saltsburg schools. SOSS also represents community members and/or residents, as well as owners of businesses located in Saltsburg, Pennsylvania.

6. Defendant, Blairsville-Saltsburg School District ("District"), is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 102 School Lane, Blairsville, Pennsylvania 15717.

## FACTUAL ALLEGATIONS

7. Defendant District is comprised of two (2) elementary schools and two (2) middle high schools.

8. Defendant District's middle high schools are Saltsburg Middle High School ("SMHS"), serving students residing in Saltsburg, Pennsylvania, with offices located at 84 Trojan Lane, Saltsburg, Pennsylvania 15681, and Blairsville Middle High School ("BMHS"), serving students residing in Blairsville, Pennsylvania, with offices located at 100 School Lane, Blairsville, Pennsylvania 15717.

9. Defendant District has a fiduciary duty to act in the best interest of its students.

10. On or about February 24, 2020, Defendant District's school board voted to schedule a public hearing, pursuant to 24 Pa. C.S. § 7-780, to discuss possible closures and/or consolidations within its district, specifically, to consolidate BMHS and SMHS and to permanently close SMHS.

11. Plaintiff believes, and therefore avers, that Defendant District's board never considered or proposed a consolidation plan which would result in the permanent closure of BMHS, even though SMHS was only recently built.

12.     There was, and is, no rational basis for this difference in treatment between SMHS and BMHS.

13.     Prior to the public hearing, and without any public input or participation whatsoever, Defendant District's board made several presentations on various topics involving the potential consolidation of SMHS and BMHS including, but not limited to, finances and class sizes.

14.     Much of the information which purported to be fact in Defendant District's above-described presentations was later disproven and/or contradicted, including, but not limited to, Defendant District's financial data and explanation of class sizes.

15.     Throughout its presentations on consolidation, Defendant District continued to present information which purported to be fact without necessary explanation and/or references.

16.     Furthermore, on multiple occasions, parents, teachers and/or other members of the community requested that Defendant District's board provide more detailed information about the proposed consolidation, as well as explanations of the data presented during its meetings, as described hereinbefore above.

17.     Defendant District did not provide any supplemental information in response to these inquiries, despite ongoing requests to do so by multiple community members, as described hereinbefore above.

18.     On or about November 24, 2020, Defendant District's board president, Rick Harper, indicated at a school board meeting that the board was moving forward with the consolidation and stated to an opposing board member "[B]uckle up, buttercup, it's going to be a long ride."

19.     Multiple of Defendant District's sitting board members made comments on numerous occasions evidencing their intent to consolidate BMHS and SMHS and to permanently close

SMHS prior to the requisite 780 public hearing. These comments included, but were not limited to, statements indicating that the board did "not care" about Saltsburg students or their futures.

20. Defendant ultimately held its 780 public hearing to discuss possible consolidations and/or closures on or about January 11, 2021, and January 12, 2021, as virtual town hall meetings due to the ongoing COVID-19 pandemic.

21. Pursuant to 24 Pa. Stat. § 7-780, the purpose of the public hearing was for Defendant District to gather public input and to consider the public's concerns prior to voting on the matter.

22. However, Defendant District's superintendent began the hearing with a presentation regarding Defendant District's intent to convert SMHS into a STEAM Academy after consolidation was complete.

23. Throughout the public hearing, students, alumni, parents, teachers, business owners and other community members voiced major opposition to the potential consolidation of SMHS and BMHS and the proposed closure of SMHS. Their concerns included, but were not limited to, the fact that Saltsburg students would be subjected to long bus rides which would endanger their safety, decrease their accessibility to extracurricular activities, and limit their ability to obtain a quality education once they finally arrived at the Blairsville campus.

24. On or about April 9, 2021, Plaintiff provided Defendant District's board with an expert report echoing the concerns of the community at large. This report, attached hereto at Exhibit "A," concluded that consolidation was not in the best interest of the District or its students for various reasons, including, but not limited to, the following: consolidation would likely increase cyber schooling, leading to learning loss; consolidation would increase student bussing time, affecting academic performance; consolidation would reduce Saltsburg and Blairsville students' overall participation in extracurricular actives, especially athletics; consolidation would result in

the loss of parallel teaching positions that could benefit students; and consolidation would likely reduce parent involvement in the education of students and Defendant District, generally.

25. On April 22, 2021, Defendant District's board voted to consolidate BMHS and SMHS and to permanently close SMHS.

26. Plaintiff believes, and therefore avers, that Defendant District's board made the decision to consolidate BMHS and SMHS and to permanently close SMHS prior to the public hearing and before Defendant District's board gathered any public input or necessary information and/or data regarding the effects of consolidation.

27. As a direct result of the predetermined outcome of the 780 hearing, Plaintiff was denied due process under the laws.

28. Furthermore, the consolidation and permanent closure of SMHS has deprived Plaintiff, through its members who are Saltsburg students, of an equal and adequate public education.

29. Blairsville students will not be subjected to the same conditions, as described hereinbefore above, which will ultimately negatively impact Saltsburg students' access to education and ability to learn.

30. There was, and is, no rational basis for this difference in treatment between Blairsville students and Saltsburg students.

31. Plaintiff believes, and therefore avers, that Defendant District's board intentionally failed to act in good faith and solely for the best interests of its students when it voted to consolidate BMHS and SMHS and permanently close SMHS.

32. The decision of Defendant District's board constituted a breach of its fiduciary duty to the Plaintiff, through its members who are Saltsburg students.

COUNT I:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

33.     Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant District for violations of Plaintiff's constitutional rights under color of law.

35.     As described hereinbefore above, Defendant District failed to properly follow procedure in that Defendant District's board decided to consolidate SMHS and BMHS and close SMHS before considering public input and concerns.

36.     Plaintiff, and the community at large, was not afforded any consideration in Defendant District's board's decision to consolidate SMHS and BMHS and close SMHS.

37.     At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a constitutionally protected interest in its students' right to an equal and adequate public education.

38.     Defendant District deprived Plaintiff of their students' constitutionally protected interest in their education when it denied the Plaintiff consideration in its decision to consolidate SMHS and BMHS and close SMHS.

39.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant District, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at length herein.

41. As more fully described hereinbefore above, the consolidation and permanent closure of SMHS has deprived Plaintiff, through its members who are Saltsburg students, of an equal and adequate public education.

42. Furthermore, Blairsville students will not be subjected to the same conditions, as described hereinbefore above, which will ultimately negatively impact Saltsburg students' access to education and ability to learn.

43. Plaintiff believes, and therefore avers, that there is no rational basis for this difference in treatment.

44. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant District, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, ARTICLE III § 14.

PROCEDURAL DUE PROCESS

45. Plaintiff incorporates by reference Paragraphs 1 through 44 as though fully set forth at length herein.

46. Plaintiff claims damages for the injuries set forth herein under Pa. Const. Const. Art. 3, § 14.

47. As described hereinbefore above, Defendant District failed to properly follow procedure in that Defendant District's board decided to consolidate SMHS and BMHS and close SMHS before considering public input and concerns.

48. Plaintiff, and the community at large, was not afforded any consideration in Defendant District's board's decision to consolidate SMHS and BMHS and close SMHS.

49. At all times relevant hereto, Plaintiff had a constitutionally protected interest in its students' right to an equal and adequate public education pursuant to the Pennsylvania Constitution.

50. Defendant District deprived Plaintiff of their students' constitutionally protected interest in their education when it denied the Plaintiff consideration in its decision to consolidate SMHS and BMHS and close SMHS.

51. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff's right under the Pennsylvania Constitution to due process of the laws was violated.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant District, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT DISTRICT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

BREACH OF FIDUCIARY DUTY

52. Plaintiff incorporates by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53. As more fully described hereinbefore above, Defendant District has a fiduciary duty to act in the best interest of its students.

54. Defendant District breached that duty when its intentionally failed to act in good faith and solely for the best interests of its students when it voted to consolidate BMHS and SMHS and permanently close SMHS.

55. The decision of Defendant District's board constituted a breach of its fiduciary duty to the Plaintiff, through its members who are Saltsburg students.

56. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant District, Plaintiff's rights under Pennsylvania Common Law were violated.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant District, in the amount proven at trial; compensatory special damages; costs of suit; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: May 6, 2021